RUTH M. CONNELL, Respondent, *v.* JOHN F. CONNELL, Appellant.

Third Department, November 16, 1956.

*James E. Gavagan* for appellant.

*Donald A. MacHarg* for respondent.

FOSTER, P. J.  Defendant appeals from an order, which denied his motion to open a default judgment of divorce entered against him, and which held him in contempt.

Defendant did not appear or answer in the action for divorce. He asserts that he was deterred from doing so by the advice of plaintiff's counsel with whom both he and plaintiff had a social acquaintance.  This advice, so defendant says, was to the effect that the circumstantial evidence of detectives would be accepted upon any trial and that the defendant did not have a chance to defend the action.  Counsel for the plaintiff denies that he attempted in any way to influence the defendant against contesting the action, but he concedes that the defendant came to his office, after a telephone call, and that the summons and complaint were served upon him.  He also says that he had a talk with the defendant concerning the steps that would be taken thereafter by the plaintiff in procuring an uncontested divorce, based on his assumption that the defendant did not intend to defend the action.

The Special Term held that section 108 of the Civil Practice Act, which deals with defaults taken through excusable neglect or inadvertence on the part of a defendant, did not apply because more than a year had elapsed after the interlocutory judgment was entered before the motion to open the default was made.  It also denied relief under section 528 of the Civil Practice Act because defendant did not allege any error in fact not arising on the trial.  The application to open the default was not based upon specific sections of the Civil Practice Act, and we reach the conclusion that in any event the defendant was not obliged to rely upon either section mentioned.  The special term, under the circumstances alleged, had the inherent power to open the default. Where an attorney for a plaintiff discusses the merits of a case with a defendant who is not represented by counsel misunderstandings are apt to arise, and such a situation is particularly delicate where they are social acquaintances.  Without attempting to determine upon affidavits whether the averments of the

defendant are true we think that the circumstances were such that in the interests of substantial justice the default should be opened and the defendant given his day in court.

The order should be reversed and the motion to open the default herein should be granted, without costs. Any new application for a counsel fee and temporary alimony should be addressed to the Special Term.

ZELLER, J. (dissenting). I agree that power exists to open the matrimonial default but, in my opinion, the power should not be used in this case.

Defendant is a mature man holding a responsible position as civil engineer with the New York State Department of Commerce. I do not believe he was misled by any statement attributed to plaintiff or her attorney. Defendant was personally served with a certified copy of the interlocutory judgment on May 13, 1954. He made some alimony payments pursuant to its terms and it was not until May 18, 1955 that he moved to set aside the judgment and open the default. I reach the conclusion that defendant merely changed his mind and now, for the first time, wishes to contest the action.

The default should not be opened under such circumstances and the order should be affirmed.

BERGAN, HALPERN and GIBSON, JJ., concur with FOSTER, P. J.; ZELLER, J., dissents in memorandum.

Order reversed, and the motion to open the default herein granted, without costs. Any new application for a counsel fee and temporary alimony should be addressed to the Special Term.